Samuel M. Gold, J.
This motion is granted to the extent of permitting petitioner Irwin to resign and he discharged of his duties, responsibilities and obligations under the trust indenture. To the extent that petitioner Teresa Fabbri McMurtry seeks (1) appointment in the place and stead of Irwin, and (2) a declaration as to her rights, duties and obligations as successor to Irwin, the motion is denied.
The powers of Irwin, to which McMurtry seeks to succeed, consist only of the right, together with Dave H. Morris, Jr.
(1) to request the trustee to sell or exchange the securities comprising the original corpus, and, with the trustee, to determine the investments or reinvestments to be made by the trustee, and
(2) to terminate the trust, in whole or in part, which power McMurtry would not have in view of her disqualification under section 141 of the Real Property Law.
McMurtry, as life tenant of the trust, possesses an interest adverse to that of the remaindermen and should not be permitted to succeed Irwin and thus participate in decisions relating to the investment of the corpus. McMurtry seeks appointment as successor to Irwin only on condition that she be held ineligible to participate in the exercise of the other power, viz., to terminate the trust. In these circumstances, a proper case for McMurtry’s appointment is not made out.
Although the indenture makes provision for the filling of a vacancy caused by the death of Irwin, it contains no provision for the filling of a vacancy caused by his resignation. The indenture clearly contemplates that the vacancy should be filled. The absence of a provision covering the contingency of Irwin’s resignation entitles the court to appoint a successor. In view of the fact that the successor would have the right, with Morris, to terminate the trust at any time, a proper exercise of the court’s discretion would seem to require it to appoint as successor a person jointly selected by the trustee and the life tenant, that being the manner in which a successor was to be appointed in the event of Irwin’s death.
The motion is granted to the extent of permitting Irwin to resign and be discharged, and to the further extent of appointing as his successor a person jointly selected by the trustee and the life tenant. If they cannot agree on a person to be appointed, the court will name a successor of its own choosing. In other respects the motion is denied.
Settle order.